[No. 18588.    Department One.    June 19, 1924.]

C. W. VAN ALLEN et al., Respondents, v. CLARENCE H. POST et al., Appellants.[1]

APPEAL (425)—REVIEW—HARMLESS ERROR—ERROR AFFECTING SUBSTANTIAL RIGHTS. A judgment will not be reversed on account of numerous errors assigned all of which, on analysis, appear to go only to a question of loss of profits in the sum of $17, where the verdict of the jury indicated that it had not awarded anything for loss of profits; since no substantial prejudice is shown (TOLMAN, J., dissenting).

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered October 22, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

J. H. Jahnke and Dysart & Ellsbury, for appellants.

Gus L. Thacker and Fred M. Bond, for respondents.

PARKER, J.—The plaintiffs, Van Allen and Mickel, copartners, as assignees of Stephens Brothers, copartners, commenced this action in the superior court for Lewis county, seeking recovery from the defendants, Post, Montgomery and Greenleaf, as copartners, of compensation for the logging and delivery of logs by Stephens Brothers at the mill of the defendants, and also seeking recovery of damages because of alleged loss of profits in being prevented by the defendants from hauling from their mill to cars for shipment lumber which was to be manufactured from the logs by the defendants' mill. These claims of recovery were sought under a contract entered into by Stephens Brothers and the defendants and thereafter assigned by Stephens Brothers to the plaintiffs, as it is alleged, with the consent and approval of the defendants, so as

[1]Reported in 226 Pac. 721.

to place the plaintiffs in the shoes of Stephens Brothers with reference to the unexecuted portion of the contract and all sums then due and to become due under the contract. A trial upon the merits in the superior court, sitting with a jury, resulted in verdict and judgment awarding to the plaintiffs recovery in the sum of $500, from which the defendants have appealed to this court.

The evidence introduced upon the trial was such as to warrant the jury in believing, as they evidently did believe, the following facts to be thereby established: In March, 1920, appellants were copartners. They then owned and operated a sawmill on the shores of a small lake near Tenino. A contract was then entered into between appellants and Stephens Brothers by which Stephens Brothers were to log and deliver in the water at appellants' mill the merchantable timber on a certain nearby specified tract of land, for which work appellants were to pay Stephens Brothers at the rate of $6 per thousand feet. Stephens Brothers were also to haul the lumber manufactured from the logs at appellants' mill to cars for shipment, for which work appellants were to pay Stephens Brothers at the rate of $3.25 per thousand feet. The logging work and the hauling of the lumber manufactured therefrom was proceeded with by Stephens Brothers until near December 31, 1920. Practically all of the logs which had then been delivered at the mill had about that time been manufactured into lumber and hauled to cars by Stephens Brothers. For all of this logging and hauling work Stephens Brothers had become fully compensated at about that time. Appellants then ceased the operation of the mill for a time, evidently because of flood water conditions.

About February 23, 1921, Stephens Brothers entered into negotiations with respondents looking to the transfer of their logging and hauling contract to respondents. At that time Stephens Brothers had not quite finished the logging of the tract of land and the delivery of the logs in the water at appellants' mill. These negotiations led to the entering into of a contract on February 26, 1921, between Stephens Brothers and respondents, by which contract there was transferred, with other property, to respondents all of Stephens Brothers' right and interest in the logging and hauling contract, including all sums due from appellants for work already performed thereunder, and including that which would become due to them upon the completion of the logging; which completion Stephens Brothers agreed to do within two or three days' time. Appellants consented to this assignment, so that in so far as the contract remained unexecuted, it became a contract between appellants and respondents, except as to the two or three days' logging yet to be done by Stephens Brothers. In so far as the contract transferred rights thereunder with reference to logging already done and the two or three days' logging yet to be done by Stephens Brothers, it was manifestly but an assignment to respondents of all sums then due or to become due for such logging. Stephens Brothers promptly proceeded with and completed the logging and the delivery of the logs to appellants' mill, so that whatever was then due for Stephens Brothers' logging work became due to respondents.

Upon the completion of the logging by Stephens Brothers, there was at the mill approximately 75,000 feet of the logs which were logged and delivered by Stephens Brothers after December 31, 1920; that is, after they had been fully compensated for previous logging work, so that there then became due to Stephens Broth-

ers' assignees, respondents, for such logging work, computed at the rate of $6 per thousand, $450. If there be added to this sum legal interest from that time until the jury rendered its verdict in this case, it will be found that the total is approximately very close to the amount of the jury's award, to wit, $500, strongly suggesting that the jury's award was for this logging work only. We have seen that the question of loss of profits is wholly apart from the question of what became due to respondents as Stephens Brothers' assignees for this fully performed logging work.

About the time of the completion of this logging work, appellants again commenced the operation of their mill, proceeding to manufacture those logs into lumber, and thereafter respondents hauled such manufactured lumber to cars in pursuance of the contract, for which work they were paid the sum of $188.50. Having in mind that the agreed contract price for this hauling of lumber was $3.25 per thousand feet, a very simple computation tells that the amount of lumber so hauled by respondents must have been 58,000 feet. All the lumber which respondents claim to be entitled to haul and to be compensated for hauling was, in any event, only the lumber to be manufactured from the final 75,000 feet of logs, less the 58,000 feet which they did haul and were compensated therefor in the sum of $188.50. So if respondents were entitled to damages for loss of profits, it was only loss of profits they would have made in hauling 17,000 feet, and for this they are claiming, by their evidence, loss of profits only to the extent of $1 per thousand feet; manifestly only $17, though more was claimed in their complaint. We are making these detailed observations touching the loss of profit contentions to show of what small moment in this controversy the question of loss of profits is, to which so much argument has been ad-

dressed by counsel for appellants touching claimed prejudicial rulings of the court, and to make clear that the question of loss of profits has practically nothing to do with the question of respondents' right of recovery for the logging work, in which respect the contract was fully executed.

About the time of the transfer of the Stephens Brothers' logging and hauling contract to respondents, there was incorporated by appellants the "Centralia Millwork and Supply Company," which was the exact partnership name under which appellants had been and were then doing business as copartners. This corporation, it may be conceded for purposes of argument, succeeded to the business of the partnership, but there is no evidence that thereby appellants as copartners were relieved of liability to pay Stephens Brothers or respondents, their assignees, for the logging and delivery of the 75,000 feet of logs at the mill.

All of the contentions here made in behalf of appellants are made only to the end that they be awarded a new trial. Let us notice each of these contentions in order that we may see to which branch of the case each of them has practical application; that is, whether applicable to the question of respondents' right of recovery as assignees of Stephens Brothers for logging work, as to which the contract became fully executed; or to the question of damages for loss of profits because of respondents being prevented from hauling lumber to be manufactured from the remaining small amount of logs. (1) It is first contended that the court erred in refusing to allow appellants to prove that respondents made a new contract with the newly organized corporation, Centralia Millwork and Supply Company, of such nature as would negative the claim of respondents that they had the right to complete the performance of the original Stephens Brothers'

contract. This contention manifestly goes only to the question of profits which might have been earned by respondents in the completion of the hauling of such lumber. There was no offer to prove the making of any new contract that would relieve appellants as copartners from remaining liable to pay for the logging completed practically contemporaneously with the transfer of the contract and sums due thereunder. (2) It is next contended that the court erred in commenting upon the facts in the presence of the jury. This also manifestly touches only the question of profits, since such claimed prejudicial remarks of the court were in connection with the attempted proof of the claimed new contract. (3) It is next contended that the court erred in refusing to take from the jury the question of loss of profits. This manifestly also touches only the question of loss of profits which might have been earned by the hauling of lumber to be manufactured from the remaining logs. (4) It is next contended that the court erred in giving an instruction relative to an alleged admission of the payment of the $188.50. This also has to do only with the question of loss of profits as affected by the claimed new contract. (5) It is next contended that the court erred in refusing to give to the jury a requested instruction touching the rights of the parties which might accrue under the claimed new contract. Manifestly this also could have nothing to do with any question here involved other than the question of profits to arise from the hauling of lumber to be manufactured from the remaining logs. (6) It is finally contended that the court erred in curtailing cross-examination attempted by counsel for appellants. This also related to the claimed new contract between respondents and the new corporation, and hence touched only the question of profits which might

arise from the hauling of the lumber to be manufactured from the remaining logs. We have made these observations in possibly seemingly unnecessary detail to show that all these claims of error, and none other are here made, in their last analysis have only to do with the question of respondents' claim of loss of profits which they might have earned in the hauling of the lumber to be manufactured from the remaining small amount of logs.

We may observe that, as to most of these claims of error, it is difficult for us to discern in this somewhat involved record any substantial support. However, we have seen that the loss of profits claimed by respondents is only the loss of profits they would have earned in hauling the lumber to be manufactured from approximately 17,000 feet of remaining logs at a dollar per thousand. We have also seen that the logging and delivery of the 75,000 feet of logs for which respondents, as assignees of Stephens Brothers, were entitled to receive compensation at the rate of $6 per thousand, entitled respondents to receive such compensation, with interest thereon, in practically the exact sum awarded by the jury, rendering it highly probable that the jury did not award respondents any amount for loss of profits. This seems to pretty effectually demonstrate that the claims of error here made in behalf of appellants, even if technically well founded, were without substantial prejudice. So we conclude, in view of the small amount of the claimed loss of profits to which these claims of error relate, and the probability under all the circumstances that the jury did not award any recovery for loss of profits, that the ends of justice do not call for a new trial of this case.

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, and HOLCOMB, JJ., concur.

TOLMAN, J. (dissenting)—I cannot concur in the views expressed by the majority. It seems to me that the majority opinion wholly loses sight of the real contention of appellants. As I read the record, the contentions of the appellants, numbered in the majority opinion from 1 to 6, inclusive, in the main are directed to their principal contention that the copartnership contract was superseded by the corporate contract, and that all moneys due for the hauling of logs were due and owing from the corporation and not from the partnership. Manifestly, if the trial court had permitted appellants to prove that a new contract was made with the corporation under which the moneys here sought to be recovered were earned, that evidence would go beyond the question of future profits, and would, if established, have justified a verdict for the respondents. It would not be necessary that, by the terms of the new contract, the old contract was specifically abrogated, because, if respondents contracted with the corporation and did the hauling under that contract, then the prior contract with the copartnership might be found to be abrogated without an express agreement to that effect.

These observations, in my judgment, apply equally to the comment by the trial court upon the facts in the presence of the jury, the instructions relative to an alleged admission of the payment by appellants of $188.50 for the hauling of manufactured lumber, the requested instruction touching the rights of the parties under the claimed new contract, and the curtailing of cross-examination. Each of these matters, in my opinion, had a substantial bearing upon the question of whether or not the $450 was earned under the contract with appellants as copartners, or under the contract with the corporation which succeeded the copartnership.

For these reasons I dissent.